UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA SROCK, as Personal
Representative of the Estate of
JAMES HOWARD SROCK,
Deceased,

               Plaintiff,

Case No. 04-CV-72788-DT

v.

UNITED STATES OF AMERICA,

               Defendant.
                                 /

**OPINION AND ORDER DENYING AS MOOT DEFENDANT'S "MOTION . . . TO STRIKE AND EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT SHERRY DIEGEL"**

Pending before the court is Defendant United States of America's May 12, 2006 "Motion . . . to Strike Expert Report and Exclude Testimony of Plaintiff's Expert, Sherry Diegel." The court has determined that no hearing is required. *See* E.D. Mich. LR 7.1(e)(2). Because the court finds that Sherry Diegel is not an expert and has not prepared an expert report, the court will deny as moot Defendant's motion. The court will, however, limit the testimony of Ms. Diegel as specified below.

**I. BACKGROUND**

On January 27, 2005, this court issued a "Rule 16 Case Management Conference and Scheduling Order," providing that Plaintiff's expert reports were due February 28, 2006, Defendants' expert reports were due March 31, 2006, and the expert discovery cutoff was April 28, 2006. (1/27/05 Order at 1.)

On April 13, 2006 Plaintiff's counsel's secretary sent an e-mail to Defendant's counsel stating "Jim [Acho] asked me to inform you that we are listing Sherry Diegel, CPA[,] as an expert rebuttal witness. Ms. Diegel is out of the office until April 28th and we will have her report by May 1st. You will be able to depose her on May 9 or 10." (Def.'s Mot. at Ex. 2; Pl.'s Resp. at Ex. 5.) April 17, 2006, Defendant's counsel responded, stating "I responded to Janice' email regarding the Stipulated Order, separately. Assuming that's approved by the Court, would Thursday, May 11, for the economists' depositions work for you? Since there was no allowance in the scheduling order for designation of experts (even rebuttal ones) after March 31, will you be requesting leave of the Court to designate your rebuttal expert?" (*Id.*) Plaintiff's counsel responded by stating "1) May 11 would work, Bruce.  2) [I] do not. [A]s a rebuttal witness [I] don't believe [I] have to." (*Id.*)

Ms. Diegel's "report", dated May 5, 2006, consisted of a list of findings in letter form, along with a one page spreadsheet purportedly used to substantiate the findings. (Def.'s Mot. at Ex. 1.) On May 11, 2006, Plaintiff's counsel and Defendant's counsel convened for the deposition of Sharon Filas, economic expert witness for the Defendant. (Pl.'s Resp. at 3.) Plaintiff's counsel presented Defendant's counsel with a *curriculum vitae* for Ms. Diegel at this time. (Def.'s Mot. at 8, n.4; Pl.'s Resp. at 3, 5.) Neither party included as an exhibit the *curriculum vitae*, but Plaintiff asserts that it lists her education and background. (Pl.'s Resp. at 5.) Ms. Diegel was present as well, but Defendant's counsel refused to take her deposition. (Pl.'s Resp. at 3.)

On April 14, 2006, both parties filed their final witness lists as required by the scheduling order. Defendant then filed this motion to strike the expert report and to

2

exclude the testimony of expert witness Sherry Diegel.  Defendant claims that Plaintiff failed to comply with the court's January 27, 2005 Scheduling Order, which states: "In the event that a Rule 26(a)(2)(B) report and deposition availability is not provided within these time deadlines, the proposed expert testimony will not be admitted at trial." Furthermore, Defendant claims that Plaintiff should not be able to use this evidence at trial because of Fed. R. Civ. P. 37(c)(1), which provides in part that "A party that . . . fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

Plaintiff opposes Defendant's motion and argues that Defendant agreed to allow Sherry Diegel as a witness, agreed to depose her on May 11, 2006, and that Defendant did not adequately demonstrate that it would be prejudiced by admission.  Plaintiff argues that she made a supplemental disclosure of a rebuttal witness which was timely pursuant to Fed. R. Civ. P. 26(a)(2)(C).  Plaintiff further argues that Sherry Diegel's report was sufficient under the federal rules.

## II.  DISCUSSION

Defendant's motion must be denied as moot because it is based upon an invalid precept; Sherry Diegel is mischaracterized as an expert witness.  Federal Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . " Nothing in Sherry Diegel's letter or spreadsheet indicates that she will be presenting specialized

3

knowledge to the jury to help them understand the evidence.  As the personal accountant for Plaintiff, her letter indicates that she only plans to present her personal knowledge of the finances of the Srock family and their corporation, Eagle Fasteners, Inc.  (Def.'s Mot. at Ex. 1.)

A comparison of Ms. Diegel's "report" to the requirements of an expert report under Fed. R. Civ. P. 26(a)(2)(B) indicates that she is not an expert witness and that her letter and spreadsheet do not constitute an expert report.  There are six things an expert report must contain:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).  The three latter requirements of qualifications, compensation, and other cases for which the witness has testified were completely omitted from the letter.  (Def.'s Mot. at Ex. 1.)

The first three requirements relate to opinions, which Ms. Diegel did not give in her letter, since all of her statements are factual assertions devoid of any analysis.  She states that family compensation increased then decreased, that rent is paid to the family and has decreased, that Mrs. Srock has been funding the corporation by loaning it personal funds and borrowing on the corporation's line of credit, that the corporation has continued to sustain a taxable loss, and that Mrs. Srock will either have to keep loaning the corporation money or the corporation will have to close.  (Def.'s Mot. at Exh. 1.)  Since these are simply factual assertions, they are either based upon her personal

4

knowledge as the family accountant, which she could testify to as a lay witness under Federal Rule of Evidence 602, or they may be based on inadmissible hearsay.

The only exhibit attached to her letter was the income spreadsheet, and it is apparent that her assertions are not based on the use of specialized principles and methods that would require the explanation of an expert witness. None of the statements are of the type that would require substantiation by expert methods, principles, and analysis. Income, rent and loans consist of factual numbers which can only be right or wrong, and are not subject to determination by opinion. Similarly, the statement that the corporation has continued to sustain a taxable loss is a factual statement that is either right or wrong, and is not subject to determination by opinion. The statement that Mrs. Srock will either have to keep loaning the corporation money or that the corporation must close is indeed an opinion, but it is not an expert opinion. It is an acceptable opinion by a lay witness, which is rationally based on her perception as the family accountant. Fed. R. Evid. 701. The court thus finds that Ms. Diegel is not an expert witness and may only be offered as a lay witness.[1]

Inasmuch as Sherry Diegel is a lay witness, she will be limited to giving opinions and inferences rationally based on her perception and helpful to a clear understanding

---

[1] For this reason, the court need not definitively decide whether disclosure of Ms. Diegel's "report" was timely. Had the court found that Ms. Diegel qualified as an expert, the court would be inclined to find that (1) in the absence of any rebuttal deadline imposed in the January 27, 2005 "Scheduling Order," the default rule allowing 30 days applied, see Fed. R. Civ. P. 26(a)(2)(c), and (2) Plaintiff's proposed expert report, submitted five days beyond the 30 day deadline may have been untimely, but such untimeliness would not justify the harsh sanction requested by Defendant. Nonetheless, because the court finds that Ms. Diegel's May 5 letter does not constitute an expert report, the timeliness issue is moot.

of her testimony or determination of a fact in issue.  *Id.*  It is unclear which of Sherry Diegel's statements are based on the report of Sharon Filias and which are based on her own records.  However, as a lay witness, Sherry Diegel will be limited to testifying only from her personal knowledge and records about those facts.  Fed. R. Evid. 602.

### III.  CONCLUSION

IT IS ORDERED that Defendant's "Motion . . . to Strike Expert Report and Exclude Testimony of Plaintiff's Expert, Sherry Diegel" [Dkt. #29] is DENIED AS MOOT.


      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  June 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 28, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522