**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THERESA SROCK, as Personal
Representative of the Estate of
JAMES HOWARD SROCK,
Deceased,

        Plaintiff,

v.                                  Case No. 04-CV-72788-DT

UNITED STATES OF AMERICA,

        Defendant.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO DISMISS"

      Pending before the court is Defendant United States of America's May 22, 2006 "Motion to Dismiss." The matter has been fully briefed and the court has determined that no hearing is required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Defendant's motion.

### I. BACKGROUND

      The parties have stipulated to all of the following facts relating to the events leading to this action:

> On February 11, 2000, a private aircraft crashed into the Cumberland National Historic Forest in Virginia, killing both occupants, Daniel Wood and James Srock. The flight originated in Dunnellon, Florida, destined for Pontiac, Michigan, when it crashed. During an enroute stop in Douglas, Georgia, the pilot telephoned the Automated Flight Service Station ("AFSS") in Macon, Georgia, for "some weather enroute." Plaintiff, Theresa Srock, claims the AFSS briefer negligently briefed the pilot, which caused or contributed to the crash, killing her husband who was not the pilot in command. The NTSB investigation revealed that the plane crashed in Virginia.

(3/21/06 Stipulation to Choice of Law at 1-2.)  The parties have also stipulated that Georgia law will determine the substantive law to be applied in this case since the alleged negligence occurred in Georgia.  (*Id.* 2-3.)  A Georgia court would apply the law of the state where the aircraft crashed, meaning that Virginia law will govern the substantive issues in this case.  (*Id.* at 1, 3.)

The following facts were not stipulated to by the parties, but are not in material dispute.  On February 11, 2002, Plaintiff's attorney filed administrative claims on behalf of Plaintiff and others for the wrongful death of James Srock.  (Def.'s Mot. Br. at 5.) Plaintiff was appointed and qualified as the Personal Representative of the Estate of James H. Srock under Michigan law without bond on March 7, 2002.  (*Id.* at 5.)  A little over a year later, on either May 21, 2003 or June 13, 2003[1], Plaintiff filed a Notice of Continued Administration stating that "a wrongful death action is currently pending." (*Id.*, Pl.'s Resp. at 1.)  The administrative claims were denied by the FAA on February 4, 2004.  (Def.'s Mot. Br. at 5.)  On July 1, 2004, after notification to Plaintiff and her counsel by the Probate Court,[2] Plaintiff's authority as Personal Representative was terminated, and James H. Srock's estate was closed.  (*Id.*)  Approximately three weeks later, on July 23, 2004, Plaintiff filed this action under the Federal Tort Claims Act

---

[1]The parties give different dates in their briefs for the day when Plaintiff filed the Notice of Continued Administration.  However, for the purposes of this motion, either date would have the same result.

[2]On April 14, 2004, the Probate Court issued a Notice of Intent to Close Estate Administration.  (Pl.'s Resp. at 1-2.)  The notice was not received by Plaintiff's current lawyer because he was not the attorney of record.  (*Id.* at 2.)

("FTCA").[3]  Plaintiff asserts that she is currently in the process of reopening the estate. (Pl.'s Resp. at 2.)

On May 22, 2006, Defendant brought this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of jurisdiction, claiming that Plaintiff is not the Personal Representative of the Estate of James Srock and therefore lacks capacity to sue.  (Def.'s Mot. Br. at 2.)  In asserting this argument, Defendant argues that Virginia law applies to the determination of capacity because it is a substantive issue.  (Def.'s Mot. at 8; *see also* 3/21/06 Stipulation.)  Defendant claims that Plaintiff did not have capacity to bring this FTCA claim under the Virginia Wrongful Death Act because "she had never qualified as a nonresident personal representative as required by Virginia law."  (Def.'s Mot. Br. at 2.)  Furthermore, Defendant asserts that Plaintiff's authority to act as personal representative for James Srock was terminated in Michigan before Plaintiff initiated the present suit.  (*Id.* at 2.)  As a result of lack of capacity, Defendant argues that Plaintiff is "jurisdictionally barred" from bringing this action under the FTCA. (*Id.*)  Defendant also argues that even if Plaintiff were to acquire legal capacity in the future, then the FTCA's six-month statute of limitations would bar her from filing a new suit.  (*Id.*)

Plaintiff asserts that Defendant has waived its challenge to Plaintiff's legal capacity under Federal Rule of Civil Procedure 9(a) because the issue was not raised by specific negative averment "'in an appropriate pleading or amendment.'" (Pl.'s Resp. at 5.)  Defendant's answer only generally denied Plaintiff's capacity by stating that

---

[3]A valid action under the FTCA had to be filed by August 4, 2004, within six months of the date of the denial letter.  (Def.'s Mot. at 5.)

3

"Defendant is without sufficient information to form a belief as to the truth of the matters asserted therein, and therefore denies." (Pl. Resp. at 6; Ans. To 1st Amend. Compl. ¶ 3.)

Plaintiff further argues that Plaintiff's capacity to sue should be determined under Michigan law rather than the Virginia law cited by Defendant because this is a procedural issue for which both Federal Rule of Civil Procedure 17(b) and Georgia choice-of-law rules provide is determined by the law of the state in which the district court sits.  (Pl. Resp. at 10-11.)  Moreover, according to Plaintiff, even if the court finds Plaintiff lacked capacity, it should apply the doctrine of equitable tolling and not dismiss her complaint.  (*Id.* at 12.)  Plaintiff also asserts that a "failure to file a wrongful death claim under the FTCA by the person authorized by state law does not defeat the subject matter jurisdiction of the district court."  (*Id.* at 15.)

In its reply, Defendant argues that it filed its motion as soon as it discovered that Plaintiff was not authorized to proceed as the personal representative of James H. Srock.  (Def.'s Rep. at 3.)  Specifically, Defendant asserts that Plaintiff produced probate records at her deposition on January 4, 2006, which she testified demonstrated her authority to act as Personal Representative of the Estate.  (*Id.*)  Defendant states that "upon initial inspection, the produced probate records appeared to demonstrate Mrs. Srock's representative authority, but closer inspection raised concerns" and that, thereafter, Defendant immediately contacted the Probate Court, visited it in person, discovered Plaintiff's authority had been terminated, then immediately filed this motion. (*Id.*)  Defendant also argues that equitable tolling relief should not be granted to Plaintiff

4

because she was aware of the statute of limitations and the requirement that she be authorized as personal representative.  (*Id.* at 4-5.)

## II.  STANDARD

Plaintiff purports to bring this motion under Federal Rule of Civil Procedure 12(b)(1), which allows a party a vehicle by which to challenge the court's subject matter jurisdiction.  For the reasons discussed below, however, the court finds that this issue is governed by Federal Rule of Civil Procedure 9.  Rule 9 states, in pertinent part, that:

> [w]hen a party desires to raise an issue as to . . . the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

Fed. R. Civ. P. 9(a).

## III.  DISCUSSION

The court first notes that there does not appear to be any disagreement between the parties that, at the time this action was initiated, Plaintiff lacked the capacity to bring a cause of action as the personal representative of her husband's estate.  Rather, the parties focus on what effect this error has on the proper administration of this lawsuit. To that end, the parties first dispute whether the issue before the court is substantive or procedural in nature and, consequently, they also dispute which state's law applies. The court need not resolve this dispute, however, because regardless of whether Virginia law or Michigan governs the issue of Plaintiff's capacity to sue, Defendant has

2:04-cv-72788-RHC-WC    Doc # 49    Filed 08/23/06    Pg 6 of 12    Pg ID 686

waived its ability to challenge Plaintiff's legal capacity under Federal Rule of Civil Procedure 9(a).[4]

The Federal Rules of Civil Procedure apply to the practice and pleadings in this case. *Hanna v. Plumer*, 380 U.S. 460, 472 (1965) ("[T]he constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it the congressional power to make rules governing the practice and pleadings in those courts."). As stated above, Federal Rule of Civil Procedure 9(a) provides that a defendant seeking to challenge the capacity of a plaintiff to sue in a representative capacity must do so "by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Fed. R. Civ. P. 9(a).

There are no controlling Sixth Circuit cases on the issue. Most court considering the issue, however, have held that the language of the rule means that "a party must raise lack of capacity to sue in an appropriate pleading or amendment to avoid waiver." *Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343, 345 (7th Cir. 1991)[5]; *see also MTO Maritime Transp. Overseas v. McLendon Forwarding*

---

[4]The court notes, however, that it is inclined to find that capacity to sue issues are procedural in nature and thus governed by the law of Michigan. *See generally Combs v. Int'l Insur. Co.*, 354 F.3d 568, 578-79 (6th Cir. 2004)(noting general rule that procedural issues are governed by law of the forum state); *see also* Fed. R. Civ. P. 17(b) (stating that in most cases capacity is determined by the law of the state in which the district court sits).

[5]The Sixth Circuit relied on *Wagner* in an unpublished opinion to hold that the defendants had waived their challenge to the plaintiff's capacity to sue. *Tri-Med Finance Co. v. National Century Financial Enterprises, Inc.,* Nos. 98-3617 & 99-3062, 2000 WL 282445, *5 (6th Cir. Mar. 6, 2000) ("Although our research has failed to turn up a published opinion from this circuit dealing with the necessity of pleading a 'specific negative averment,' at least one Seventh Circuit case has held that the 'specific negative averment' provision is mandatory, and that proper enforcement of the rule

6

*Co.*, 837 F.2d 215, 218 (5th Cir. 1988).  Defendant can also raise the issue in a timely motion before pleading in accordance with Federal Rule of Civil Procedure 12. *Summers v. Interstate Tractor & Equipment Co.*, 466 F.2d 42, 49 (9th Cir. 1972).

In her complaint, Plaintiff stated that she "is the Personal Representative of the Estate of her deceased husband," to which Defendant only responded "Defendant is without sufficient information to form a belief as to the truth of the matters asserted therein, and therefore denies." (1st Amend. Compl. ¶ 3; Ans. To 1st Amend. Compl. ¶ 3.)  This general denial based on lack of knowledge in Defendant's answer is not "'a specific negative averment' within the meaning of Rule 9(a) . . . especially where the plaintiff sues as a personal representative and this is a matter of public record easily ascertainable."  *NAACP Labor Comm. v. Laborer's Int'l Union of N. Amer.*, 902 F.Supp. 688, 699 (W.D. Va. 1993).

In *NAACP*, the court held that, even though it was undisputed that the plaintiff had not been qualified as the administrator of her late husband's estate as required under Virginia law, the defendants had waived the right to challenge her capacity because more than a general denial is required under Federal Rule of Civil Procedure 9(a).  *Id.*  Similarly, the court finds that even though it appears undisputed that Plaintiff lacked the authority to initiate an action as the personal representative of her husband's estate, Defendant waived that defense by failing to raise a challenge at an earlier stage in this litigation.  *See also Tri-Med Finance Co.,* 2000 WL 282445, *5 (holding that

---

requires early waiver of the right to object to capacity." *Wagner Furniture v. Kemner,* 929 F.2d 343, 345 (7th Cir.1991).).

7

defendants waived the defense by waiting to file a motion until two years after the complaint was filed).

Some courts have found it appropriate at late stages in the litigation to consider a motion to dismiss based on lack of capacity in special circumstances in which capacity raises a question of jurisdiction. *See Pasos v. Eastern S.S. Co.*, 9 F.R.D. 279, 281 (D. Del. 1949) (granting motion to dismiss under Rule 9(a) when the plaintiff had died nearly two years before the suit was instituted in his name and no one else had the capacity to have brought the suit on plaintiff's behalf); *Clemente Engineering Co. v. De Liso Constr. Co.*, 53 F.Supp. 434, 435 (D. Conn. 1944) (granting motion to dismiss under Rule 9(a) when the plaintiff was a dissolved corporation and the proposed substitute party plaintiff would destroy diversity jurisdiction). However, the Sixth Circuit has held that capacity "is not strictly a question of jurisdiction." *Brown v. Keller*, 274 F.2d 779, 780 (6th Cir. 1960).

Moreover, many recent courts have followed the analysis of Professors Wright and Miller, holding that in order to give meaning to the requirement of specific negative averment to challenge capacity to sue under 9(a), an early waiver rule is required and that as a consequence, capacity "is not a jurisdictional issue and cannot be raised at any time in the proceeding."[6] *Crane Constr. Co. v. Kalus Masonry, Inc.*, 71 F.Supp.2d 1138, 1141 (D. Kan. 1999) (construing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1295, at 574 (2d Ed. 1990)); *see also Summers*, 466 F.2d at 50 ("The question of a litigant's capacity or right to sue or to be sued generally does not

---

[6]For this reason, the court rejects Defendant's attempt to classify this motion as one brought under Federal Rule of Civil Procedure 12(b)(1).

8

affect the subject matter jurisdiction of the district court."); *Pharmaceutical Sales & Consulting Corp. V. J.W.S. Delavau Co.*, 59 F. Supp. 2d. 398, 401 n.2 (D.N.J. 1999) ("[T]he Wright and Miller treatise indicates that while some early decisions suggested that a defect in capacity to sue deprives the court of subject matter jurisdiction, more recent authority has rejected that characterization."); *Tri-Med Finance Co.,* 2000 WL 282445, *5 (citing Wright and Miller to hold that "although an objection to a party's capacity is not an affirmative defense, it can be analogized to an affirmative defense and treated as waived if not asserted by motion or responsive pleading . . . . Early waiver is necessary to give meaning to the requirement in Rule 9(a) that capacity must be put in issue by a 'specific negative averment.'  Moreover, an objection to capacity . . . should fall within the class of 'threshold defenses' -- issues that must be raised and disposed of at the outset of the suit.").

The court concludes that capacity to sue generally does not affect jurisdiction and that Defendant has not successfully argued that capacity to sue in this case affects the subject matter jurisdiction of the district court.  In its reply, Defendant contends that "[t]he FTCA requires a plaintiff to bring suit 'in the same manner and to the same extent as a private individual under like circumstances'" and that "this is a jurisdictional requirement that cannot be waived."  (Def.'s Rep. at 3.)  The actual language of the statute states that "[t]he United States shall be liable, respecting the provisions of this title relating to torts claims, in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The statute places no affirmative responsibilities on the plaintiff and there is no case law cited by Defendant that demonstrates that the FTCA has linked capacity to sue with jurisdiction.

9

The court thus finds that Defendant has not properly raised the issue of capacity to sue by specific negative averment in its pleadings or an amendment, nor has Defendant timely moved to amend its answer to cure this deficiency.   Even if Defendant's instant motion can be interpreted as a motion for leave to amend its answer, the court finds that an amendment is not warranted.  Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires."  Courts deciding whether justice requires granting leave to amend to a defendant in order to raise the issue of capacity to sue in a negative averment have looked to the justification by the defendant for neglecting to bring up the issue in the answer or motion before the pleading and the possibility of prejudice to the Plaintiff if leave is granted.  See NAACP Labor Comm., 902 F.Supp. at 699; *Banking & Trading Corp., Ltd. v. Reconstruction Finance Corp.*, 15 F.R.D. 360 (S.D.N.Y. 1954). As Wright and Miller:

> Rule 9(a) matters are not of sufficient importance that the right to object to a lack of capacity . . . should be preserved through the trial stage.  This approach seems especially appropriate because of the waste of judicial and litigant resources that would result from the dismissal of a suit as late as the trial when one of the parties lacks the requisite legal existence, capacity, or authority to sue or be sued.

5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1295 (3d Ed. 2006).  Thus, "an early waiver rule is not likely to trap defendants when plaintiff does lack the proper status."  *Id.*

Defendant argues that it was unaware that Plaintiff lacked capacity until ten days prior to filing this motion because initial records produced by Plaintiff on January 4, 2006 appeared to demonstrate her representative authority and that "closer inspection raised

10

concerns," leading them to visit the probate court in person to verify the probate court's records. (Def.'s Rep. at 3.) Defendant has not given any convincing reasons for neglecting to assert the defense of lack of capacity earlier. The probate records in question are public records that could have been easily obtained by Defendant at the outset of the suit. Instead, Defendant neglected to obtain the records until nearly two years after the complaint was filed on July 23, 2004. Defendant's argument that the records produced by Plaintiff initially appeared to demonstrate her representative authority is likewise unconvincing. Defendant does not explain why "closer inspection" of the records could not be accomplished at an earlier stage, and the court is left with the conclusion that Defendant did not discover Plaintiff's lack of capacity earlier due either to its failure to fully investigate matters or its failure to carefully read the records provided by Plaintiff.

Finally, the court is mindful of the fact that both of the parties and the court have already expended extensive resources on this case. Additionally, it would be unduly prejudicial to Plaintiff to grant an amendment that could lead to dismissal on the eve of trial after thorough discovery has already been conducted. Had Defendant asserted its defense in a timely manner, Plaintiff could have clearly established her appropriate representative authority, filed a new action, and avoided the statute of limitations. *Banking & Trading Corp.* 15 F.R.D. at 361. If the court were to grant leave to amend, it "would . . . reward the defendant for its own neglect in failing to assert sooner the alleged defense." *Id.* Defendant's motion to dismiss must be denied.

11

## IV.  CONCLUSION

For the reasons discussed above, IT IS ORDERED that Defendant's Motion to

Dismiss [Dkt. #34] is DENIED.


           S/Robert H. Cleland                          

           ROBERT H. CLELAND

           UNITED STATES DISTRICT JUDGE

Dated:  August 23, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 23, 2006, by electronic and/or ordinary mail.


           S/Lisa Wagner                            

           Case Manager and Deputy Clerk

           (313) 234-5522